## Staunton.

Baltimore and Ohio Railroad Company v. Lee.

September 24, 1906.

Absent, Buchanan, J.

1. Instructions—*Question Not in Issue.*—In an action to recover for personal injuries alleged to have been caused by the defendant's negligence, it is error to instruct the jury as to the duty the defendant owed to persons other than the plaintiff where this question is not an issue.

2. ·Instructions—*Evidence to Support—Personal Injuries—Last Clear Chance.*—It is error to give an instruction when there is no evidence tending to support it. Thus, where in an action to recover for a personal injury caused by the plaintiff being thrown from the platform of a coach by the jar of the impact between the coach and a train which the defendant company was coupling therewith, the defense was that the plaintiff had himself caused the injury by stepping out upon the platform at the instant of the impact, an instruction based upon the doctrine of the last clear chance is erroneous where the evidence shows that the defendant had no opportunity after the plaintiff's act to avoid the injury.

3. Instructions—*Repeating Objections.*—Where a party has already several times properly excepted to an instruction, the fact that he fails to object to the same instruction when again offered is immaterial, and does not prevent him from taking advantage of his previous exception. He is not called upon to repeat indefinitely the same objection, or to continue to protest against instructions which the court has already passed upon and held to be proper.

Error to a judgment of the Circuit Court of Rockingham county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Bumgardner & Bumgardner,* for the plaintiff in error.

*D. O. Deckert* and *C. R. Winfield,* for defendant in error.

Harrison, J., delivered the opinion of the Court.

This action of trespass on the case was brought by Benjamin E. Lee to recover damages for personal injuries alleged to have been occasioned the plaintiff by the negligence of the Baltimore and Ohio Railroad Company.

The plaintiff was a brakeman in the employ of the Southern Railway Company, and was injured on the yards of that company at Harrisonburg by having his foot run over by a train of the Baltimore and Ohio Railroad Company. At the time of the accident a crew of the defendant company was engaged in the operation of backing an engine and heavy freight train on the "delivery track," or siding, in the yards of the Southern Railway Company, in order to couple the train to a combination coach of the last-named company, which was standing on the "delivery track." The plaintiff was in the combination coach, and at the moment of the impact between the backing train and the coach he stepped out of the coach upon its front platform for the purpose of alighting. The jar caused him to fall to the ground with his foot under the wheels of the train, resulting in the injury for which he seeks to recover damages.

The second instruction given by the court tells the jury that if they believe from the evidence that the backing or pushing of the defendant's train rendered the position of the plaintiff and other persons more dangerous, then it became the duty of the defendant to use such care, etc.

It was plainly error to instruct the jury as to the duty the defendant owed to persons other than the plaintiff. This suit was brought to recover damages for an injury to the plaintiff, and the question of the defendant's duty to other persons is not an issue. So far as the record shows no other person was

injured; but if others had been injured the plaintiff could not recover for such injury.

We are further of opinion that the Circuit Court erred in modifying instructions 7, 8, 9 and 12, asked for by the defendant, by adding to each of said instructions the words "unless after the defendant saw or knew of his danger, or by the exercise of ordinary care could have known of his danger, it could have avoided injuring him by the use of ordinary care to avoid such injury." These instructions, as asked by the defendant, properly submitted to the jury the question of the plaintiff's contributory negligence in going upon the platform at the instant of the impact between the train and the coach. One of the chief contentions of the defendant was that the plaintiff, by going upon the platform at the instant of the impact, had not only contributed to the accident, but had thereby caused the injury of which he complains. The modification of the instructions made by the court is based upon the doctrine known as the "Last Clear Chance." This doctrine had no application to the case at bar. There is no evidence to sustain the theory that after the alleged negligence of the plaintiff in going upon the platform there was an intervening space of time and an opportunity for the defendant to have avoided the injury. On the contrary, it appears, without contradiction, that there was no appreciable interval of time, and no opportunity for the defendant, by the exercise of any degree of care, to have avoided the consequences of the plaintiff's act between his going upon the platform and the accident. There was no clear chance, and it was misleading to instruct the jury upon that subject.

The language of this addendum appears also at the foot of instruction No. 13, which was given by the court, and does not appear to have been objected to in that connection: "It is contended that inasmuch as the defendant failed to make objection to instruction No. 13, which was given by the court, it cannot now object to the addendum to instructions 7, 8, 9 and 12, which were asked for by the defendant. In support of this

contention, the rule announced in the case of *Va., &c., Co.* v. *Bailey,* 103 Va. 205, 49 S. E. 33, and other cases, is invoked. This rule is that, although exception to the testimony of a witness may be well taken, if the same fact is subsequently proved by other witnesses, without objection, the error will be deemed harmless."

This rule has no application to the question under consideration. The defendant had already objected to the addendum four times, and had made that objection the subject of a bill of exception each time. This was entirely sufficient to save the question and make it the subject of review by this court. The defendant was not called upon to repeat indefinitely the same objection, or to continue to protest against the use of language by the court in framing instructions which the court had already passed upon and held to be proper. It was the law that was complained of, not the number of times the court repeated the proposition to the jury. If the defendant was prejudiced by the first statement of the erroneous proposition of law, and the question was then properly saved, he has the right to have the error reviewed, although it may have been subsequently repeated without objection being taken. It would have been an idle ceremony to have enrolled and sealed a bill of exceptions to set out an error that was already embodied in the record four times.

The failure, therefore, to embody instruction No. 13 in a bill of exceptions cannot impair the right of the defendant to rely in this court upon its exception duly taken to instructions 7, 8, 9 and 12, as modified by the Circuit Court.

As the case must be remanded for the errors already pointed out it is unnecessary to comment upon the evidence or upon questions that may not arise on another trial.

For these reasons the judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed.*